1   Chad E. Starkey (#196170)
    BOWMAN AND BROOKE LLP
2   1741 Technology Drive, Suite 200
    San Jose, CA 95110-1355
3   Telephone: (408) 279-5393
    Facsimile: (408) 279-5845
4

5   Attorneys for Defendant
    Kay Chemical Company
6

7   Steven R. Jacobsen, Bar No. 95246
    Catherine R. Douat, Bar No. 129134
8   LAW OFFICES OF STEVEN R. JACOBSEN
    901 Clay Street
9   Oakland, California 94607
    (510) 465-1500
10

11  Attorneys for Plaintiff
    RENE FLORES

12

13             UNITED STATES DISTRICT COURT

14          NORTHERN DISTRICT OF CALIFORNIA

15  RENE FLORES             )  Case No. C-07-0038 JSW
                       )
16                    )
          Plaintiff,      )  **JOINT CASE MANAGEMENT**
17                    )  **STATEMENT**
    vs.                   )
18                    )
    KAY CHEMICAL COMPANY, and )  CMC Date: May 4, 2007
19  Does 1 – 100           )
                    )
20                    )
         Defendants.    )
21  _____)

22       The parties to the above-entitled action jointly submit this Case Management Statement

23  and Proposed Order and request the Court to adopt it as its Case Management Order in this

24  case. The parties held the Rule 26(f) meeting on April 12, 2007.

25                       1. JURISDICTION

26       The parties believe that this court has subject-matter jurisdiction pursuant to 28 U.S.C. §

27  1332. Kay believes there are no jurisdictional issues.

28

## 2. FACTS

On November 9, 2004, plaintiff was using a dishwasher as part of his employment at the Hilton Oakland Airport. Plaintiff claims that he was exposed to Liquid Storm Power Wash Detergent – a Kay product – causing him injury.

Other than the claim by plaintiff that he was exposed to Liquid Storm Power Wash Detergent, Kay has no information or documentation regarding the sale or distribution of its product to plaintiff or plaintiff's place of employment.

## 3. LEGAL ISSUES

The parties cannot yet determine whether additional legal issues may arise.

## 4. MOTIONS

Plaintiff's complaint was filed November 8, 2006 in Alameda County Superior Court. Kay was served on December 5, 2006. On January 4, 2007, Kay filed its Notice of Removal in Alameda County Superior Court and this Court and also its answer to plaintiff's complaint.

On April 12, 2007, the parties met and conferred. Thereafter, on April 13, 2007, Kay Chemical filed an ADR Certification and the parties submitted a Stipulation to ADR Process. The Court executed the Order on Stipulation to ADR Process. The parties are therefore set to mediate this case before October 31, 2007. The parties are still discussing potential mediators and mediation dates. Kay believes that these decisions should be made after initial disclosures or additional discovery.

There are no motions pending before the Court.

## 5. DISCOVERY TO DATE

There has been no discovery to date. Plaintiff has advised Kay that he was exposed to Liquid Storm Power Wash Detergent. Kay has no information regarding the sale or distribution of this product to plaintiff and/or his employer.

6. DISCOVERY PLAN

Plaintiff will take the depositions of all Kay employees whom have knowledge of the chemical make up of Liquid Storm Power Wash Detergent and its potential as a hazardous product.

Kay will take plaintiff's deposition and will depose plaintiff's treating physician(s), co-workers, other witnesses, and, eventually, plaintiff's expert(s). Kay will also perform a physical examination of plaintiff to investigate and/or verify his injuries.

The parties propose that each side be given the opportunity to take twelve (12) depositions per FRCP 30.

Plaintiff proposes that each side serve fifty (50) written interrogatories per FRCP 33. Kay proposes that each side serve twenty-five (25) interrogatories per FRCP 33. Additional interrogatories may be served with leave of Court or stipulation of the parties.

The parties propose that each side serve thirty-five (35) requests for admissions.

The parties propose that each side serve thirty-five (35) requests for production of documents.

The plaintiff will conduct the depositions of all witnesses and Kay employees whom have knowledge of the chemical make up of Liquid Storm Power Wash Detergent and its potential as a hazardous product.

Kay is unaware of any witnesses other than plaintiff.

7. MOTIONS

Plaintiff does not anticipate any motions. Kay anticipates that protective orders may be needed to facilitate exchange of certain proprietary documents. In addition, based upon what facts are uncovered during discovery, Kay may move for summary judgment.

///

///

## 8. RELIEF

Plaintiff Rene Flores seeks reimbursement for past medical expenses which exceed $10,000.00, past wage loss which exceeds $40,000.00, future medical expenses of $10,000.00 and future lost wages of $50,000.00. Plaintiff also seeks general damages according to proof at trial.

## 9. ADR

The parties have agreed to private mediation. The parties have yet to decide upon a mediator or a time for mediation. Kay believes that the proper time for mediation will be dictated by the information and documentation provided by plaintiff which evidences Kay's involvement in this case and detailed discovery concerning plaintiff's alleged chemical exposure and injuries. Kay has complied with Civil L..R. 16-8(b) by filing an ADR Certification. Kay does not wish to have a settlement conference with another judge or magistrate.

## 10. MAGISTRATE JUDGE TRIALS

Plaintiff consents to having a magistrate judge conduct the proceedings, including trial, in this matter. Defendant Kay does not consent to having a magistrate judge conduct the trial but does consent to a magistrate handling discovery issues.

## 11. PROPOSED DEADLINES

During the parties' initial meet and confer, the following dates and deadlines were agreed to:

| | | |
|---|---|---|
| October 31, 2007 | - | Non-expert discovery cut-off; |
| December 1, 2007 | - | Expert disclosures due, beginning of expert discovery; |
| February 1, 2008 | - | Motion cut-off; |
| April 14, 2008 | - | Pre-Trial Conference; |
| April 21, 2008 | - | Trial. |

1      Plaintiff believes that trial of this matter will be approximately 6 days. Kay believes that

2 trial of this matter will be approximately 4 court days. Kay requests a jury trial.

3 12. SERVICE LIST

4

| | |
|---|---|
| Catherine R. Douat | Chad E. Starkey |
| Law Offices of Steven R. Jacobsen | Bowman and Brooke LLP |
| 901 Clay Street | 1741 Technology Drive, Suite 200 |
| Oakland, CA 94607 | San Jose, CA 95110 |
| Ph:(510) 465-1500 | Ph: (408) 279-5393 |
| Fx: (510) 465-1501 | Fx: (408) 279-5845 |
| Counsel for Plaintiff | Counsel for Defendant Kay Chemical Co. |

8

9 13. OTHER MATTERS

10      None at this time.

11 14. DISQUALIFICATION/RECUSAL

12      Plaintiff and Kay Chemical are not aware of any persons who should be disqualified or

13 recused in connection with this action.

14 Dated: April 27, 2007           LAW OFFICES OF STEVEN R. JACOBSEN

15

16                                 Catherine Douat

17                                 Attorneys for Plaintiff
                                RENE FLORES

18

19 Dated: April 27, 2007           BOWMAN AND BROOKE LLP

20

21                                 Chad E. Starkey

22                                   Attorneys for Defendant
                                KAY CHEMICAL COMPANY

23

24      IT IS SO ORDERED.

25 Dated: _____, 2007

26                                 JEFFREY S. WHITE
                          UNITED STATES DISTRICT JUDGE

27

28