1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RENE FLORES                                    No. C  07-00038 WDB

             Plaintiff,                    ORDER FOLLOWING INITIAL CASE
                                               MANAGEMENT CONFERENCE

        v.

KAY CHEMICAL COMPANY

            Defendant.
_____/

On May 30, 2007, the Court held an Initial Case Management Conference in the above-referenced case.  For reasons articulated more thoroughly on the record, the Court ORDERS as follows:

1.  <u>Mediation</u>.  The parties have agreed to attend court-sponsored mediation, which will be conducted by mediator Mark Penskar.  This mediation must be completed **by no later than September 28, 2007**.  The Court encourages counsel and the mediator to determine in advance whether a Spanish-language interpreter should be present during the mediation.  In the interim, counsel for Plaintiff and Defendant <u>must</u> meet and confer, in person or by telephone, to arrive at an efficient plan to exchange factual and expert information.  If possible, counsel also are encouraged to engage in meaningful settlement discussions prior to mediation.

1

2. <u>Discovery Limits</u>.  The parties intend to conduct limited discovery in preparation for settlement discussions and for mediation with Mr. Penskar.  To this end, in addition to the parties' initial disclosures, which already have been produced, Defendant will produce to Plaintiff, under a Protective Order, the chemical composition of the Liquid Storm Power Wash Detergent that is the subject of this action.  Defendant also will conduct a preliminary deposition of Plaintiff, likely without the benefit of Plaintiff's full medical records, some of which apparently are from medical professionals in Chile and thus may not be immediately available.  Plaintiff's counsel reported that Plaintiff is not fluent in English and will need the aid of a Spanish-language interpreter when he is deposed.

Because the parties have agreed to limit discovery before the  mediation to matters essential to making the mediation productive, the court preserves the parties' full discovery and motion practice rights, which can be exercised within the following limits:  (1) each party may propound no more than <u>25 interrogatories</u>; (2) each party may take no more than <u>8 depositions</u>; (3) each party may propound no more than <u>20 document requests</u>; and (4) each party may propound no more than <u>10 requests for admission</u>. The parties may exceed these limits <u>only</u> by stipulation, or by further Order of this Court.

3. <u>Further Case Management Conference</u>.  **On Wednesday, October 17, 2007, at 1:30 p.m.**, the Court will conduct a further Case Management Conference, during which it will set deadlines for completing non-expert and expert discovery and for filing motions. The Court also will set a date for trial.  If the parties wish to appear at this conference by phone, counsel must inform the Court by no later than Tuesday, October 16, 2007, at noon, by calling (510) 637-3324.  **By October 15, 2006, at noon,** the parties must submit an updated Case Management Conference statement informing the court of the current status of the case and describing the discovery and motion practice the parties need to complete to prepare for trial.

4.  Settlement.  If the parties resolve the case prior to October 17, 2007, they must notify the Court promptly in writing.  The Court then will vacate the further Case Management Conference and set a date by which a stipulated dismissal must be filed.

IT IS SO ORDERED.

Dated: 5/31/07

_____

WAYNE D. BRAZIL
United States Magistrate Judge

Copies to:   All parties, WDB, Stats, Mark Penskar (mediator)